Perkins Eastman Architects, D.P.C. v White Plains Hosp. Med. Ctr., Inc. (2024 NY Slip Op 00392)

Perkins Eastman Architects, D.P.C. v White Plains Hosp. Med. Ctr., Inc.

2024 NY Slip Op 00392

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Webber, J.P., Friedman, González, Shulman, Pitt-Burke, JJ. 

Index No. 653890/22 Appeal No. 1551 Case No. 2023-03738 

[*1]Perkins Eastman Architects, D.P.C., Plaintiff-Appellant,
v
White Plains Hospital Medical Center, Inc., Defendant-Respondent.

Wasserman Grubin & Rogers, LLP, New York (Douglas J. Lutz of counsel), for appellant.
Garfunkel Wild, P.C., Great Neck (Kevin G. Donoghue of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 27, 2023, which granted defendant's motion to consolidate this action with a related action in Westchester County (Index No. 67362/2022) and set the venue in Westchester County, unanimously modified, on the law, the facts and in the exercise of discretion, to set the venue of the consolidated action in New York County, and otherwise affirmed, without costs.
There is a preference for consolidation in the interests of judicial economy where there are common questions of law and fact, unless the party opposing the motion demonstrates that consolidation will prejudice a substantial right (see CPLR 602[a]; Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 334 [1st Dept 2005]). Here, although only defendant moved to consolidate the actions, the parties agree that the actions raise common questions of law and fact, and plaintiff does not object to the consolidation itself, only to the setting of the venue of the consolidated actions in Westchester County. Accordingly, we do not disturb the order appealed from insofar as it granted consolidation. However, we modify to set venue in New York County. Plaintiff properly filed this action in New York County, the county of its principal place of business (see CPLR 503[a], [c]), before defendant filed the Westchester County action. As the motion court recognized, defendant made no showing that litigating this action in New York County would present any inconvenience to the parties, their respective counsel, or the anticipated witnesses. Plaintiff's filing of a mechanic's lien against defendant's medical facility in Westchester County does not warrant a different result, inasmuch as plaintiff is not seeking to foreclose on the lien.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024